UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY MILLER and BRIAN
MILLER,                                                *
                                                       *
                    Plaintiffs,                        *
                                                       *
         v.                                            *         Civil Action No. 1:15-cv-10721-IT
                                                       *
TARGET CORPORATION,                                    *
                                                       *
                    Defendant.                         *

ORDER

January 5, 2017

TALWANI, D.J.

　　　　Before the court is the Motion of the Defendant Target Corporation for Impoundment of

Documents in Support of Its Motion for Summary Judgment (Assented-To) [#89]. Defendant

states that impoundment of certain exhibits is appropriate because they constitute proprietary

training materials provided to new employees and have been designated as confidential pursuant

to the parties' stipulated confidentiality agreement.

　　　　The public has a "presumptive" right of access to judicial documents.[1] Therefore, the

party seeking to impound materials submitted to the court must make "'a particular factual

demonstration of potential harm, not . . . conclusory statements'"[2] as to why a document should

---

[1] United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)).

[2] Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)).

be sealed.[3] Nothing in the parties' confidentiality agreement limits the court's authority to rule on the necessity of sealing documents filed with the court or lessens the burden to make a particularized showing of the need for impoundment. Consequently, designation of the documents as "confidential" pursuant to the parties' confidentiality agreement is not a sufficient ground to support impoundment. Similarly, the contention that routine employee documents contain trade secrets, without more, is insufficient.

In passing on a motion for summary judgment, the court need only review relevant portions of the documents cited in a party's Local Rule 56.1 statement of material facts. The parties may jointly redact documents to avoid disclosure of irrelevant material.

Accordingly:

1. Defendant's Motion of the Defendant Target Corporation for Impoundment of Documents in Support of Its Motion for Summary Judgment (Assented-To) [#89] is DENIED WITHOUT PREJUDICE.

2. Defendant may file, with Plaintiffs' consent, redacted documents in support of its summary judgment motion.

3. Alternatively, Defendant may renew its motion to impound showing good cause. Such a motion should include more substantial argument as to why the relevant materials should be kept confidential.

IT IS SO ORDERED.

Date: January 5, 2017                                    /s/ Indira Talwani
                                                        United States District Judge

---

[3] See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986).